# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**ACNR Resources, Inc.,**
**Employer Below, Petitioner**

**v.)**   **No. 25-823**   (JCN: 2023017153)
(ICA No. 25-ICA-182)

**Shine Kellison,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc. appeals the September 30, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See ACNR Resources, Inc. v. Kellison*, No. 25-ICA-182, 2025 WL 2781213 (W. Va. Ct. App. Sept. 30, 2025) (memorandum decision). Respondent Shine Kellison filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the April 8, 2025, decision of the West Virginia Workers' Compensation Board of Review, which reversed the claim administrator's September 20, 2023, order granting 22% permanent partial disability for the claimant's left hand injury. The Board of Review granted an additional 2% for a total award of 24% permanent partial disability. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The employer asserts that the Board of Review's conclusion that an equal amount of evidentiary weight exists regarding the claimant's impairment is clearly wrong. Thus, the employer argues that the ICA erred in affirming the Board of Review's application of West Virginia Code § 23-4-1g(a) to resolve the issue in the manner most consistent with the claimant's position.[2] The employer argues that the Board of Review and the ICA should be reversed. The claimant counters by arguing that the employer requests that this Court reevaluate the medical evidence when that function belongs to the Board of Review, and the Board correctly applied West Virginia Code § 23-4-1g(a). Therefore, the claimant argues that the Board of Review, as affirmed

---

[1] The employer appears by counsel Aimee M. Stern, and the claimant appears by counsel Linda N. Garrett and Robert F. Vaughan.

[2] West Virginia Code § 23-4-1g(a) provides, in pertinent part, that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

1

by the ICA, did not err in reversing the claim administrator's order and granting an additional 2% for a total award of 24% permanent partial disability.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error regarding the issue on appeal and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

2